IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01401-WDM-CBS

TRANSFINANCIAL CORPORATION and
THEODORE MALLON,

 Plaintiffs,

v.

XCEL ENERGY INC.,

 Defendant.

---

**ORDER ON MOTION TO STAY OR DISMISS**

---

Miller, J.

 This matter is before me on the Motion to Stay, or in the Alternative, to Dismiss Based on Abstention Under *Wilton v. Seven Falls* and Points and Authorities of Law in Support (doc no 15), filed by Defendant Xcel Energy Inc. ("Xcel"). Plaintiffs oppose the motion. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion is granted and this case will be dismissed without prejudice.

Background

 Jurisdiction in this matter is based on diversity. 28 U.S.C. § 1332. At issue in this litigation is the validity of a release of liability signed by Xcel purporting to release, on its own behalf and on behalf of its subsidiaries, all claims against Plaintiffs arising out of the sale of certain life insurance policies. Complaint ¶¶ 7-8. As described in further detail in Xcel's motion, Plaintiff Theodore Mallon ("Mallon"), acting as an

insurance broker for Public Service Company of Colorado (PSCo), recommended that PSCo purchase certain life insurance policies on behalf of a number of employees. Motion at 2. The policies were purchased in the 1980s and thereafter transferred to P.S.R. Investments, Inc. ("PSRI"), a wholly-owned investment subsidiary of PSCo. *Id.* According to Xcel, Mallon failed to disclose certain compensation arrangements with the insurer. *Id.* at 3. In the 1990s, the IRS began auditing PSCo's tax treatment of the policies. *Id.* By 2002, Xcel, which at that time was the parent company of PSCo and PSRI, anticipated litigation over the tax issue. *Id.* at 3-4. Xcel contends that it sought Mallon's assistance and cooperation in providing information relating to the policies, but that Mallon conditioned his cooperation on the execution of the release. *Id.* at 4. Xcel asserts that it first learned of the compensation arrangements between Mallon and the insurer in the course of the tax litigation with the government, which is now essentially resolved.

Plaintiffs filed this action in July 2007 seeking a declaration that the release is enforceable. Xcel, a Minnesota company, was named as a defendant but PSCo and PSRI, which are citizens of Colorado, were not. In August 2007, Xcel, PSCo, and PSRI filed another lawsuit against Plaintiffs in the District Court of Boulder County, Colorado (the "State Court Action"), also seeking a declaration regarding the enforceability of the release as well as numerous other claims for damages and equitable relief against the Plaintiffs.

Xcel requests, in light of the parallel State Court Action, that I exercise my discretion and decline to proceed with this declaratory judgment action.

Standard of Review

The federal declaratory judgment statute, 28 U.S.C. § 2201 vests a district court with the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction. The United States Supreme Court has confirmed that a district court may exercise its discretion to stay or dismiss a declaratory judgment action where there is a parallel state court proceeding addressing the same issues. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In exercising its discretion, the court may consider such factors as "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citation omitted).

Discussion

There is an actual controversy between the parties, as Xcel and its subsidiaries have commenced litigation against Plaintiffs and the release, if enforceable, would provide a complete defense. Accordingly, I will examine whether litigating the validity of the release is more appropriate in this proceeding or in the State Court Action.

With respect to the first factor, whether the resolution of the declaratory

judgment would fully resolve the controversy between the parties, I agree with Xcel that this action may not resolve all of the parties' claims. It is possible that the release may be found to be completely enforceable against all parties and all claims, but it is also possible that it will be found unenforceable or only partially enforceable. Several outcomes are thus possible that will leave pending some or all of the claims in the State Court Action. Accordingly, this factor weighs against continuing the declaratory judgment action in this court.

Similarly, applying the second factor, it is apparent that this declaratory judgment action will not clarify all the legal relations at issue, as PSCo and PSRI are not parties to this case, although they clearly have interests at stake. The parties devote a significant amount of their briefs to the issue of whether PSCo and PSRI are indispensable parties and whether their joinder would destroy diversity. I need not resolve this issue and can simply note that PSCo and PSRI have not intervened and Plaintiffs have not sought to include them in this action. Thus, regardless of whether PSCo and PSRI can or should be included, at this time they are not parties to this proceeding. They are, however, parties to the State Court Action, which again weighs against resolving the release issue in this court.

The third factor involves an examination of whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata.*" Both sides accuse the other of forum shopping and of "procedural fencing". I am somewhat concerned at Plaintiffs' failure to name PSCo and PSRI as defendants in this case in light of their obvious role as the alleged injured parties of

Plaintiffs' non-disclosure. Although one might suspect that Plaintiffs were indeed seeking to file this case in federal court before Xcel and its subsidiaries commenced a state court action, I will consider this factor to be neutral in my analysis.

The fourth factor concerns the possibility of friction between federal and state courts. Both sides concede that this declaratory action will not encroach upon state jurisdiction and I conclude that this factor is also neutral. However, it is undisputed that the validity of the release and all of the claims of Xcel and its subsidiaries involve questions of state law. This also bears on the fifth factor, which is the availability of an alternate forum. The State Court Action provides an adequate, if not superior, forum for litigation of all of the claims, as all interested parties are already involved in the litigation and all of the state law claims will be heard in the same forum.

Considering the above factors, I conclude that the validity of the release is better addressed in the State Court Action. I therefore decline to exercise my authority under 28 U.S.C. § 2201 to declare the rights and legal relations of the parties in this aciton.

Accordingly, it is ordered:

1. Xcel's Motion to Stay, or in the Alternative, to Dismiss (doc no 15) is granted. Plaintiffs' complaint is dismissed without prejudice.

DATED at Denver, Colorado, on November 1, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge